IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICKY LANE GILMORE | § | |
| VS. | § | CIVIL ACTION NO. 9:13cv194 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Ricky Lane Gilmore, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner asserts he is illegally restrained by a judgment entered by the 349th Judicial District Court on November 23, 2009. Petitioner challenges the validity of his conviction.[1]

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the

---

[1] As the petition attacks the validity of petitioner's conviction, the court would ordinarily construe petitioner's petition as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Here, however, petitioner has also filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Gilmore v. Director*, Civil Action No. 9:13cv193 (E.D. Tex.).

petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). A § 2241 petition must be filed in the district where the petitioner is incarcerated. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

Petitioner is confined in the Stiles Unit located in Beaumont, Texas which is in the Beaumont Division of the Eastern District of Texas. Thus, jurisdiction is proper in the Eastern District of Texas. However, the petition has been inadvertently filed in the Lufkin Division where petitioner was convicted, instead of the Beaumont Division.

While jurisdiction is proper in the Eastern District of Texas, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner is confined.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner is confined in the Beaumont Division, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Eastern District of Texas, Beaumont Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Opinion.

SIGNED this 28th day of June, 2013.

_____
Zack Hawthorn
United States Magistrate Judge